## Case No. 616.

### ATKINSON v. PURDY.

[Crabbe, 551.][1]

District Court, E. D. Pennsylvania. Sept. 30, 1844.

COURTS — CONFLICTING STATE AND FEDERAL JURISDICTION — PROCEEDINGS BY ASSIGNEE IN BANKRUPTCY—JUDGMENT.

1. Suits by an assignee in bankruptcy are excepted from the general rule that court of the United States have not jurisdiction of controversies between citizens of the same state, and this exception includes a suit by such assignee against a person not a party to the proceedings in bankruptcy.

2. The bankrupt law, being supreme, overrides all state legislation, and, therefore, judgments confessed in contravention of that act are void, and not liens on the bankrupt's property, although they may be valid by the state laws.

3. In general, every judgment of a court having jurisdiction over the parties and subject-matter in controversy is binding upon those parties, and their privies, until regularly reversed, and, though founded on an erroneous view of the matter in controversy, is conclusive on every other court; therefore, this court, in a suit by the assignee of a bankrupt, refused to examine into the validity of a judgment confessed by the bankrupt in a state court, the jurisdiction of which was not denied.

[Cited in Shuford v. Cain, Case No. 12,823.]

At law. This was an action of assumpsit [by Samuel Atkinson, assignee in bankruptcy of David B. Taylor, against Thomas Purdy] to recover a balance of purchase-money, received by the defendant, as sheriff of Bucks county, in Pennsylvania, for certain real estate sold by him, in execution, as the property of one David B. Taylor. It appeared that Taylor had, when in failing circumstances, confessed various judgments to particular creditors, and among others to the Farmers' Bank of Bucks County. Execution was issued on this judgment, and Taylor's personal property sold thereunder. Atkinson v. The Bank, [Case No. 609.] Subsequently his real estate was also sold under the same judgment, but the proceeds of the sale were exceeded by the amount of judgments confessed by him, which were liens on the real estate prior to that of the bank. In the mean time Taylor had been declared a bankrupt, and his assignee brought this suit, alleging that the judgments confessed by Taylor were void, and in fraud of the bankrupt law. The case came on to be tried, on the 18th September, 1844, before Judge RANDALL and a special jury, and was argued by C. and J. Fallon for the plaintiff, and by Miller and Reed for the defendant.

J. Fallon, for plaintiff.

After commenting on the facts and evidence, cited in support of the plaintiff's right to recover, Lewis v. Smith, 2 Serg. & R. 158; Stewart v. Stocker, 13 Serg. & R. 204; Wats. Sher. 7 Law Lib. 61, (*84.)

[1] [Reported by William H. Crabbe, Esq., and here reprinted by permission.]

Mr. Miller, for defendant.

The court under whose process the money was made is the only one which can protect the sheriff, and the assignee has no right to sue him here. The courts of the United States have, on general principles, no jurisdiction over such a case as this, it being between citizens of the same state, one of whom was not a party to the proceedings in bankruptcy. Those courts being of limited jurisdiction, the record must show a case wherein the jurisdiction may attach. This is not so here. Lucas v. Morris, [Case No. 8,587.] We are bound by the state decisions and must proceed according to them, and cannot, therefore, in this court, inquire into the validity of Taylor's judgments, so long as they are unreversed in the state tribunals. Act Sept. 24, 1789, § 34; 1 Story's Laws, 67, [1 Stat. 92;] Golden v. Prince, [Case No. 5,509;] U. S. v. Howland, 4 Wheat. [17 U. S.] 115; Pratt v. Northam, [Case No. 11,376;] McFarland v. Griffith, [Id. 8,790;] Wayman v. Southard, 10 Wheat. [23 U. S.] 25.

Mr. Reed, for defendant.

The question as to the validity of the judgments is not for this court; it is similar to the case of process against a foreign minister: that process is declared to be void, but it must be decided so by the court which issues it. Cabrera's Case, [Case No. 2,278.] These judgments have been passed upon and treated as valid in courts of competent jurisdiction; they may not be inquired into here.

C. Fallon, for plaintiff, in reply.

The act of 1789 merely provides that state laws shall be regarded as rules of decision in the courts of the United States, when the statutes of the United States do not otherwise require, not that where state laws and those of the United States conflict, the latter shall give way. Yet here, where judgments, probably valid by the law of Pennsylvania, are in manifest violation of the bankrupt law of the United States, the defendant asks this court to sustain those judgments notwithstanding the bankrupt law, and denies that it has jurisdiction to inquire into their validity. Such an inquiry, however, has been made in this very case, and by this court, in Atkinson v. Farmers' Bank, [Case No. 609.]

RANDALL, District Judge, (charging jury.) This action is brought by Samuel Atkinson, the assignee in bankruptcy of David B. Taylor, against Thomas Purdy, the sheriff of Bucks county, to recover the balance of purchase-money said to have been received for certain real estate of Taylor sold by the defendant, as sheriff, by virtue of process issued out of the court of common pleas of Bucks county, on a judgment entered in that court in favor of the Farmers' Bank of Bucks County. The sale of the property and receipt of the purchase-money is not the sub-

ject of much controversy, but it is said the plaintiff is not entitled to recover in this action, because this court has no jurisdiction of the cause of action, and because—being a court of limited jurisdiction as to parties—that jurisdiction has not been made to appear, as is requisite, on the face of the record. The position is undoubtedly correct in law, but is not supported by the facts. The declaration states the suit to be brought by the plaintiff as assignee in bankruptcy of David B. Taylor, and although, in general, the courts of the United States have no jurisdiction, in civil actions, between citizens of the same state, there are exceptions to the rule. A suit by an assignee of a bankrupt, although he may be a citizen of the same state as the defendant, is one of these exceptions. It has been said, too, that the recovery of a debt from one not a party to the proceedings in bankruptcy is not such a cause of action as gives jurisdiction to this court, although the parties may be otherwise liable to its process. In this also I think the defendant is in error; the eighth section of the bankrupt law gives concurrent jurisdiction to circuit and district courts, within and for the district where the decree of bankruptcy is passed, of all suits, at law and in equity, which may or shall be brought, by any assignee of the bankrupt, against any person or persons claiming an adverse interest touching any property or right of property of the said bankrupt. If, therefore, on the merits of the case, the plaintiff has the right to recover, I have no doubt of the jurisdiction of the court over the parties.

The defendant alleges, however, that, at the time of the sale by him, and before the decree of bankruptcy, there were sundry judgments entered in the court of common pleas of Bucks county against David B. Taylor, which, by the laws of Pennsylvania, were liens upon the real estate sold, and in amount exceeded the whole of the purchase-money. The existence of such judgments is admitted, but it is said that they are fraudulent and void, having been confessed by the bankrupt in contemplation of bankruptcy, and with an intention of giving the several plaintiffs a preference or priority over the general creditors of the bankrupt.

The second section of the bankrupt law declares, "that all future payments, securities, conveyances, or transfers of property, or agreements made or given by any bankrupt, in contemplation of bankruptcy, and for the purpose of giving any creditor, endorser, surety, or other person, any preference or priority over the general creditors of such bankrupt, * * * shall be deemed utterly void." This act, being within the express powers of congress, is supreme, and overrides all state legislation on the subject; if therefore the judgments were confessed in contravention of this law, they are void, and are not liens on the property of the bankrupt.

A most material question now arises:—which is the tribunal to decide on the validity of these judgments? The constitution of the United States provides, in the first section of its fourth article, that "full faith and credit shall be given in each state to the public acts, records, and judicial proceedings of every other state. And the congress may by general laws prescribe the manner in which such acts, records, and proceedings shall be proved, and the effect thereof." And congress have provided, by the act of 26th May, 1790,—1st Story's Laws, 93, [1 Stat. 122, c. 11,]—that the records and judicial proceedings of the several states, authenticated in the manner therein provided, shall have such faith and credit given them in every court within the United States, as they have by law or usage in the courts of the state from whence they are taken. As a general principle, every judgment of a court having jurisdiction of the parties and the subject-matter in controversy, is binding upon the parties and their privies until it is regularly reversed, and, although founded upon an erroneous view of the matter in controversy, is binding upon every other court. The errors and irregularities, if any exist, are to be corrected only by some direct proceedings before the same court to set them aside, or in an appellate court. If, however, the court has no jurisdiction of the subject-matter then its proceedings are void, and may be treated as a nullity.

It is not disputed that the court of Bucks county had jurisdiction of the parties, and the subject-matter in the causes before them. The congress of the United States has been careful to avoid anything like a conflict of jurisdiction between the courts of the United States and the state courts, and in granting equity powers to the supreme court has provided that no writ of injunction shall be granted to stay proceedings in any court of a state. If there has been any fraud or irregularity in the proceedings of the state court, it cannot be doubted—indeed it has been proved in this case—that that court will afford every facility to correct it; but for this court to inquire into it, would not only be an evasion of the act of congress prohibiting the interference of courts of the United States with the process of state courts, but might be productive of great injustice to the defendant, inasmuch as a judgment against him for the amount claimed here would not be an available answer to the demands of the plaintiffs whose judgments are subsisting in the court of the state, unless those judgments are set aside or opened by that court. By the sale, the lien of the judgments upon the land was discharged, and the sheriff substituted as the debtor of the plaintiffs therein, according to the priority of their liens. He must account to the court which authorized the sale. By permitting the plaintiff to recover in this action, we must either subject the defendant

to the liability of paying the money twice, or say to the courts of the state: We have inquired into the regularity of your proceedings and find them erroneous; you will therefore proceed no further. Such a direction there is no power in this court to enforce, and it therefore cannot be given. The true and proper remedy for the plaintiff is in the court of common pleas of Bucks county, and to that he is confined. The jury must, therefore, under this view of the law, find a verdict for the defendant. On the same day, the jury came into court and were ready to deliver their verdict, but the plaintiff being called did not come, and made default; whereupon a judgment of nonsuit was entered, with leave reserved to the plaintiff to move to have the same taken off. The motion to take off the nonsuit was made, and, on the 3d January, 1845, discharged, and the judgment made absolute.